IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEBORAH L. TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00765-O-BP |
| | § | |
| ANDREW M. SAUL, Commissioner of | § | |
| Social Security[1], | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this action on September 15, 2019, seeking judicial review of a final adverse decision of the Commissioner of Social Security ("Commissioner"), who denied her application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). *See* Compl., ECF No. 1. The Commissioner has filed an answer, *see* Answer, ECF No. 10, and a certified copy of the transcript of the administrative proceedings, *see* SSA Admin. R. (hereinafter, "Tr."), ECF No. 12, including the hearing before the Administrative Law Judge ("ALJ"). The parties have briefed the issues. *See* Pl.'s Br., ECF No. 14; Def.'s Br., ECF No. 15; Pl.'s Reply, ECF No. 16. Pursuant to 28 U.S.C. § 636(b), the case was referred to United States Magistrate Judge Hal R. Ray, Jr., for review and submission of proposed findings of fact and

---

[1] On June 17, 2019, Andrew Saul assumed the office of Commissioner of the Social Security Administration, replacing Nancy A. Berryhill, who was the Acting Commissioner of the Social Security Administration. The Court automatically substitutes Andrew Saul as Defendant pursuant to Fed. R. Civ. P. 25(d). *See also* section 405(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security). Title II governs disability insurance benefits. See 42 U.S.C. §§ 401-34.

recommendation for disposition. On September 6, 2019, the United States Magistrate Judge filed his Findings, Conclusions and Recommendation ("Report"), recommending that the Court reverse the final decision of the Commissioner and remand the action for further proceedings. Report, ECF No. 17. Defendant filed timely objections to the Report on September 13, 2019. Objections, ECF No. 19. Plaintiff filed a response to Defendant's objections. Rep., ECF No. 20.

For the reasons that follow, the Court accepts the Report after reviewing all relevant matters of record, including the pleadings, legal briefing, transcript of the administrative record, Report, the filed objections, and the Response, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3).

I.  **BACKGROUND**

Plaintiff alleges disability based on asthma, obesity, lumbar spondylolisthesis, hypertension, and obstructive sleep apnea. Tr. 17. After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an ALJ. Tr. 14. That hearing was held on January 3, 2017, in Fort Worth, Texas. *Id*. At the time of the hearing Plaintiff was sixty years old. She completed high school and one year of college, and she had past relevant work experience as an "Office Manager/Reception/Custome [sic]." Tr. 178. The ALJ found that Plaintiff was not disabled and, therefore, not entitled to disability insurance benefits. At step one of the five-step sequential process,[2] the ALJ found that Plaintiff had not engaged in substantial gainful

---

[2] The Commissioner has promulgated a five-step sequential process to be used by hearing officers in evaluating a disability claim. *See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th

activity since September 29, 2011, the alleged onset date. Tr. 17. At step two, the ALJ determined that Plaintiff had severe impairments of asthma, obesity, lumbar spondylolisthesis, hypertension, and obstructive sleep apnea. *Id*. At step three, the ALJ found that her impairments did not meet or medically equal an impairment listed in the social security regulations. *Id*. At step four, the ALJ concluded that Plaintiff retained the residual functional capacity ("RFC")[3] to perform light work as defined in 20 C.F.R. 404.1567(b) with specified limitations, that Plaintiff was capable of performing past relevant work ("PRW")[4] as an office manager and a documentation billing clerk, and that this work did not require the performance of work-related activities precluded by Plaintiff's

---

Cir. 2007). The hearing officer is required to ascertain: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals a listed impairment in Appendix 1" of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity to perform past work, whether the claimant can perform any other gainful and substantial work in the economy, considering his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(b)-(f). In the first four steps of the evaluation process, the claimant bears the burden of proving disability; on the fifth step, the burden shifts to the Commissioner to show that there is substantial work in the national economy that claimant can perform. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation omitted); *Audler*, 501 F.3d at 448. If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citation omitted).

[3] Residual functional capacity ("RFC") refers to the claimant's ability to do work despite any physical or mental impairments. 20 C.F.R. § 404.1545(a). The ALJ is responsible for assessing and determining residual functional capacity at the administrative hearing level. *Id*. § 404.1546. "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." *Soc. Sec. Ruling*, SSR 96-8p (S.S.A. 1996). The assessment should be based on all relevant evidence in the case record, including opinions submitted by treating physicians or other acceptable medical sources. 20 C.F.R. § 404.1545; SSR 96-8p. The RFC assessment "must include a resolution of any inconsistencies in the evidence." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).

[4] Past relevant work ("PRW") refers to work that claimant was already able to do, which shows that claimant may be expected to do that work. This work experience applies when it was performed within fifteen years of the date of adjudication (or when the disability insured status requirement was last met, if earlier), lasted long enough for claimant to learn to do it, and when it was substantial gainful activity. 20 C.F.R. § 404.1565(a).

3

residual functional capacity. Tr. 19-25. Due to his determination at step four, that Plaintiff could return to her PRW as generally performed, the ALJ did not render a determination at step five. Tr. 26.

Plaintiff appealed the ALJ's decision to the Appeals Council, and the Council affirmed the ALJ's decision on May 2, 2018. Tr. 6-7. Plaintiff then filed this action in federal district court and argues that both the ALJ and Appeals Council violated Social Security Administration ("SSA") policy by using "as generally performed" as the standard in their step four determination despite the fact that Plaintiff's PRW was a composite job. Plaintiff contends that remand is required for a proper vocational finding free of legal error.

On September 6, 2019, the magistrate judge issued his Report accepting Plaintiff's arguments that the ALJ committed legal error at step four when he determined that Plaintiff could return to her PRW "as generally performed," and recommending the Court reverse the Commissioner's decision and remand the action for further proceedings. The magistrate judge found that Plaintiff's PRW was a composite job, that the ALJ committed legal error at step four "when he determined that Plaintiff could return to her PRW 'as generally performed'" even though he consulted a vocational expert, and that Plaintiff did not waive the error by not cross-examining the vocational expert on this topic. Report 5-6, 8, 11, ECF No. 17.

On September 13, 2019 the Commissioner filed objections to the Report. *See* ECF No. 19. Plaintiff filed a response to the Commissioner's objections on September 17, 2019. *See* ECF No. 20.

II. **LEGAL STANDARD**

The Court conducts a *de novo* review of the portions of the Report to which a party objects. Anything that the Commissioner did not specifically object to is reviewed for plain error. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference, or refers to, the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation omitted); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Richardson v. Perales*, 402 U.S. 389, 401 (1977); *accord Copeland*, 771 F.3d at 923. It is more than a scintilla, but less than a preponderance. *Boyd*, 239 F.3d at 704; *Perales*, 402 U.S. at 401; *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). The district court may not reweigh the evidence or substitute its own judgment for that of the

Commissioner. *Copeland*, 771 F.3d at 923; *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). The Court must scrutinize the record, however, to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen*, 837, F.2d 1378, 1383 (5th Cir. 1988). "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*. 209 F.3d 448, 452 (5th Cir. 2000) (citation omitted). A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision. *Johnson*, 864 F.2d at 343-44.

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. *See* n.2.

### III. ANALYSIS

Defendant objects to the magistrate judge's findings and conclusion that Plaintiff's PRW as an office manager and documentation billing clerk was a composite job, and thereby, under the Program Operations Manual System ("POMS"), necessitated the standard of "as usually performed" rather than "as generally performed" when making a

determination under step four of the five-step sequential process. After conducting a *de novo* review of the issues raised in the Commissioner's objections, as required by 28 U.S.C. § 636(b)(1) and Rule 72(b)(3), the Court determines that the magistrate judge's findings and conclusions are correct and accepts them as those of the Court. Accordingly, the Court **overrules** Defendant's objections, **reverses** the Commissioner's decision, and **remands** this action for further proceedings.

The Court will first address the Commissioner's objection to the magistrate judge's finding that Plaintiff's PRW as an office manager and documentation billing clerk was a composite job.

**A. Plaintiff's Past Relevant Work was a Composite Job.**

The Commissioner contends that, Plaintiff's PRW consisted of two distinct jobs rather than a combination occupation, and that the magistrate judge erred in finding that Plaintiff's PRW as an office manager and documentation billing clerk was a composite job. Having conducted a *de novo* review, and for the reasons that follow, the Court **overrules** the Commissioner's objection.

A composite job has "significant elements of two or more occupations and, as such, ha[s] no counterpart in the DOT" (Dictionary of Occupational Titles). *Soc. Sec. Ruling*, SSR 82-61 (1982). Further, PRW may be a composite job if it requires consulting multiple DOT occupations to locate the main duties of the PRW as described by the claimant. POMS DI 25005.020(B) (S.S.A.), 2011 WL 4753471 (eff. Apr. 13, 2017).

Here, the record shows that Plaintiff listed her PRW as "Office Manager/Reception/Custome [sic]," and described her responsibilities to the ALJ as having

7

many duties which included preparing letters of credit to banks, setting up trucking to deliver hides, preparing health certificates, and bills of lading. Tr. 178, Tr. 37-38, ECF No. 12. The state agency adjudicator listed Plaintiff's PRW as "OFFICE MANAGER/RECEPTION/CUSTO." Tr. 74, ECF No. 12. Further, the vocational expert classified Plaintiff's PRW as involving "two different type jobs . . . office manager . . . [and] documentation billing clerk," both of which are listed as separate occupations in the DOT. *Dictionary of Occupational Titles* 169.167-034, 214.362-014. Tr. 51, ECF No. 12.

Based upon the record, the Court finds that Plaintiff's PRW was a composite job because it involved significant elements of the two occupations of office manager and documentation billing clerk as set out by SSR 82-61. Plaintiff was performing the responsibilities of both office manager and documentation billing clerk; her main occupational duties could only be found by consulting the DOT sections of both office manager and documentation billing clerk, which, according to POMS, would further indicate that Plaintiff's occupation was a composite job. For the above-stated reasons, the Court **overrules** the Commissioner's objection to the magistrate judge's finding that Plaintiff's PRW was a composite job.

**B. The ALJ Committed Legal Error at Step Four of the Sequential Evaluation Process When He Determined that Plaintiff Could Return to Her Past Relevant Work "as Generally Performed."**

The Commissioner contends that, even if Plaintiff's PRW was a composite job, the ALJ was not barred from finding that a composite job could be done "as usually performed."[5] Specifically, the Commissioner argues that the POMS is not binding on the ALJ regardless of SSR 13-2p, and further argues that the POMS states that they are instructions issued to a limited set of agency employees. The Commissioner contends that, while the POMS is issued to a limited set of employees, the Hearings, Appeals, and Litigation Law Manual ("HALLEX") is addressed to "hearing level and Appeals Council staff" and specifically provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels. HALLEX I-1-0-1 (S.S.A.), 2005 WL 1863821. Commissioner further alleges that the existence and self stated application of HALLEX indicates that the POMS was not meant to be binding on hearing level and Appeals Council staff. Having conducted a *de novo* review, and for the reasons that follow, the Court **overrules** the Commissioner's objection.

SSR 13-2p requires adjudicators at all levels of administrative review to follow agency policy, as set out in instructions such as the POMS and the HALLEX. *Soc. Sec. Ruling*, SSR 13-2p at *15 (2013). The agency's policy states equivocally that when considering PRW that was a composite job, it must not be evaluated "as generally performed in the national economy." POMS DI 25005.020(B). Rather, a claimant will only be found capable of performing the composite job if they can perform all parts of the job. *Id*. "While POMS

---

[5] The Commissioner cites to SSR 82-61 which states, "[c]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert."

guidelines do not have the force and effect of law, they do have some value, effect, and persuasive force." *Bettery v. Comm'r of Soc. Sec.*, No. 14-03321, 2015 WL 4742296, at *8 n.9 (W.D. La. Aug. 10, 2015). "POMS are not binding on the Commissioner, but they may be viewed as binding on an ALJ in a case that falls squarely within one of the provisions." *Id*. Generally, a court defers to POMS provisions unless it determines that they are arbitrary, capricious, or contrary to law. *Id. See also Craig v. Berryhill*, No. 17-1715-EWD, slip op. at 6 (M.D. La. Mar. 27, 2019). Further, "when the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." *Newton*, 209 F.3d at 459 (*citing Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981)).

As the Commissioner points out, the HALLEX allows an ALJ to obtain vocational expert testimony when determining whether the claimant's impairment(s) prevent the performance of PRW. In the case at hand, the ALJ did just that and obtained testimony from a vocational expert that Plaintiff "could perform [her] past relevant work as an office manager and a documentation billing clerk as it is generally performed," and then made the determination that Plaintiff was "able to perform this past relevant work as generally performed." Tr. 26.

Clearly, the Commissioner published SSR 13-2p which required adjudicators at all levels to follow agency policy as set out in the POMS, as well as the HALLEX. Additionally, the POMS provision squarely applies to the circumstances in this case, and as the Fifth Circuit reiterated in *Newton v. Apfel*, an agency must follow its own procedures when the rights of individuals are affected. *Newton*, 209 F.3d at 459.

In light of the clear guidance that POMS DI 25005.020(B) sets forth regarding the standard by which to evaluate PRW that constitutes a composite job, the ALJ committed legal error by failing to apply the proper standard when he assessed Plaintiff's PRW as "generally performed." Although not having the same force and effect as a law, this POMS provision appears to be a reasonable requirement for ALJs when approaching a claimant's PRW that consists of duties listed under more than one occupation or a combination of jobs. As such, it is not arbitrary, capricious, or contrary to law, and in such cases, courts generally should defer to these provisions. *Bettery*, 2015 WL 4742296 at *8 n.9, *see also Craig*, slip op. at 6. For the above-stated reasons, the Court **overrules** the Commissioner's objection to the magistrate judge's finding that the ALJ committed error by not following the POMS at step four when he evaluated Plaintiff's PRW "as generally performed."

## IV. CONCLUSION

Having conducted a *de novo* review of all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the Commissioner's filed objections, and the Plaintiff's response, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the undersigned District Judge believes that the Findings and Conclusions of the magistrate judge are correct, and they are accepted as the Findings and Conclusions of the Court.

Accordingly, it is **ORDERED** that the Commissioner's decision is **REVERSED AND REMANDED**.

**SO ORDERED** on this **25th day** of **September, 2019**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

11